# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

NORMAN SANDERS (#197433)

VERSUS

N. BURL CAIN, ET AL.

CIVIL ACTION

NUMBER 14-309-SDD-SCR

## RULING

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Legal Programs Supervisor Trish Foster, Asst. Warden Troy Poret, Connie McCann, Capt. J. Hughes, Lt. Col. Chad Oubre, Lt. C. Jones, Dr. Jason Collins, Dr. Hal Macmurdo, EMT Cowan, and EMT White. Plaintiff alleges that he was denied a medical duty status for a back injury in retaliation for filing administrative grievances and his efforts to exhaust administrative remedies has been obstructed in violation of his constitutional rights.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*[1], the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and (2) a suit

---

[1] 103 F.3d 383 (5th Cir. 1996).

dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute.[2] Dismissals include only those for which appeal has been exhausted or waived.[3] However, dismissals later reversed are not to be counted as a strike.[4] By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice.[5]

Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was denied because on three (3) prior occasions during detention, the Plaintiff brought an action that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[6]

On May 19, 2014, the Plaintiff was granted 21 days from the date of the *Order*[7] to pay the court's filing fee in the amount of $400.00.

A review of the record shows that more than 21 days has elapsed and the Plaintiff has failed to pay the filing fee. Despite clear notice that he must pay the full filing fee and having ample time to do so, the Plaintiff has failed to pay the filing fee. Therefore, the

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed *in forma pauperis* in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

[7] Rec. Doc. 3.

Plaintiff's §1983 *Complaint*[8] shall be dismissed.

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 30 day of June, 2014.

*[signature: Shelly D. Dick]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[8] Rec. Doc. 1.